Good morning. My name is Kurt Krasick on behalf of the appellants. I'd like to reserve two minutes depending on how things go for my rebuttal. What you witnessed is not so common, but the case was unusually complicated for a case that we shoehorned into that time slot, so we'll try to do better and be more efficient with you. This is an appeal of the district court's remand of two count complaint to the state court. It appears based on the party's purported agreement to exclusively litigate claims arising out of a prior settlement agreement between the parties in state court. If it pleases the court, I'd like to first focus my remarks today on the court's jurisdiction to hear this appeal in light of the so-called appellate bar of 28 U.S.C. 1447 D, and then to focus on the merits of the remand decision. In the party's briefs, which were filed in March and April 2007, the appellees were forced to concede, and I'll quote, the Ninth Circuit has held that an order remanding to state court on the basis of an interpretation of a form selection agreement is reviewable on appeal. As a result, appellees were left to arguing that the two leading Ninth Circuit cases on this issue, Pelport and Ferrari, were wrongly decided. After the briefing in this matter was closed in July of 2007, the Supreme Court decided Power X be reliant energy services, which involved the review of this court's interpretation of 1447 D in an entirely inapposite substantive situation involved federal question jurisdiction under the Foreign Sovereign Immunities Act. But nevertheless, as part of the Supreme Court's opinion, the court criticized this court's interpretation of an old Supreme Court case, Waco, the United States Fidelity and Guarantee Company, in Pelport. However, this criticism by the by the Supreme Court does not abrogate the authority of Pelport and its progeny generally, nor does it change the specific law of this circuit that the interpretation of a form selection clause is a ground that is not subject to the 1447 D bar. And the key is the standard under of analysis under 1447 D has never changed. In fact, in Power X, the Supreme Court reaffirmed the standard first articulated back in 1976 in the Thermtron case, and reaffirmed by the Supreme Court no less than five times subsequently, and in numerous decisions by this court and other courts of appeals, that section 1447 D must be read in pari materia with section 1447 C. And therefore, the prohibition on appellate review is limited to remands based on lack of subject matter jurisdiction and for defects in removal procedure. Accordingly, the dispositive issue here, before and after Power X, remains whether the district court's remand based on the party's purported form selection agreement was for lack of subject matter jurisdiction. There's never been any contention that there was a defect in the removal process, and therefore the only issue was whether it was for lack of subject matter jurisdiction. And clearly, it was not. First of all, in Pelport itself, this court specifically noted, and I'll quote, the enforceability of a form selection clause is not a ground specified in section 1447 C. That comment is completely independent of any reliance on WACO or its analysis, which was questioned by the Supreme Court. Therefore, this court has previously held that where a form selection clause is interpreted, it is not a ground under ---- But where was that being interpreted? Here you had a state court order that resulted from a settlement, and that state court order was signed by both parties. So you have a state court order where the court specifically reserved jurisdiction over certain aspects of that settlement. Is that correct? The court reserved jurisdiction, but it was not exclusive. And that was ---- I was going to get to that in the second part of my discussion. But don't the cases differentiate between a form selection clause and a contract versus here, where you've got a court order? The court itself has ordered the fact that it will retain jurisdiction stipulated to by the parties and signed by the parties. No. Actually, Your Honor, to the contrary, in addition to the authorities we cited in our brief, in a recent case of this court decided in September 2008 called Wicker v. Oregon Bureau of Labor, this court found, and I'll quote, because a consent decree has attributes of both a contract and a judicial act, courts use contract principles in construing it. Therefore, this court's ---- That's nice general stuff, but we're still talking about the fact that the parties, when the court said, we're going to retain jurisdiction, resolve whatever the magic words were, future interpretations, and then the parties signed the order. It was a court order. It wasn't the stipulation of parties. It was a court order. Well, it was styled as a stipulated order. It was an agreement between the parties, but there was never an agreement for exclusive jurisdiction. There was no question that my clients, who are not Arizona residents, consented to However, there's nothing in that agreement that would waive or exclude my clients, first of all, would waive their removal jurisdiction, which is a constitutional issue under the Supremacy Clause, nor would limit them simply to the state court. And this court's authority is clear under the Hunt case, under Pelport itself, and under the Redham case, which Judge Clifton may We have not treated the selection of a particular form as exclusive of all other fora unless the parties have expressly stated that it was. In Redham, Judge Clifton and the other panel members cited to the Hunt case, the Northern California District Council of Labor's case and Pelport, and distinguished between those types of form selection agreements that are exclusive on the one hand versus those that are merely permissive on the other. And where a form selection agreement is permissive, as I said, the party consents to personal jurisdiction in the designated forum, but does not waive its right to litigate in another forum. And in both the Northern California District Council of Labor's case and in Hunt, the court found that remand, which in that was the context of that case, was improper because the form selection clause was not exclusive. Our agreement is virtually indistinguishable from the agreement in Hunt. And the Hunt agreement said, the courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of the contract. Well, this one's a little stronger. I mean, this says, this court shall retain continuing jurisdiction over said parties and this matter. And I guess we're grasping at straws in a sense, trying to figure out, well, what did that mean? But frankly, as I read it, what's not to say, gee, that means this matter stays here? Well, as I said, Your Honor, I think what it means is that my clients who are out-of-state litigants in Arizona consent to being brought into suit in Arizona. I mean, that was the purpose. And having been brought in, once the matter is decided and the familiarity of the state court with the proceeding, is it not a matter of judicial efficiency to keep the case where the court is familiar with the case rather than invent the wheel all over again in federal court? Well, Your Honor, I think that because we're talking about constitutional issues under the supremacy clause, the case of the state court is not a matter of judicial efficiency. We don't need to take it that far, do we? Can't we simply look upon it as an intersection with the court that is familiar with the case? In certain instances, that might be appropriate, Your Honor, but here the allegations of this complaint all post-date the prior litigation. So familiarity with the prior litigation is not really at issue. No, they don't all post-date it. I mean, the district court in deciding ultimately to remand two of the matters said that these do deal with the case and have direct connection with that. There are claims for breach of the settlement agreement. However, the operative facts all post-date that case. Obviously, if they predated it, they would have been handled back then. I see my time is short. I can — I got into the merits of the issue. I did want to make a couple more points on the appellate bar, if that's still a question in your minds, because — I'd rather you talk about the merits of the issue, frankly, and we can be a little lenient on the time, because the question that I have really with regard to the merits is that you've offered up an explanation for why the paragraph is there. I don't know that the paragraph is necessary for that purpose. I mean, if this is a deal that was negotiated in Arizona, a settlement agreement affecting the dismissal of a case in Arizona, is there really any mystery that your clients would be subject to suit in Arizona anyway? Why isn't the recitation to be interpreted to say more than that? Well, I can't speculate as to the intent of the agreement. I wasn't there. However, Ninth Circuit law is clear that in order to waive your rights of removal and to agree to an exclusive jurisdiction as opposed to all others, the agreement must be clear and unequivocal. That's the term of art. And we would submit to the court that that agreement merely is permissive and not exclusive. The other overlay here, as I said, is the constitutional issue. And because – Well, if your client had agreed to exclusive jurisdiction in state court, could there be any constitutional issue? You're not telling me – so we really go back to the same issue all over again. Is this provision in the Arizona court, whatever they call it, dismissal order, order of dismissal with fredges, is that an agreement of the parties for exclusive jurisdiction? Let me make two points on that. What the district court said was that the parties agreed to exclusive jurisdiction and the stipulated order effectuated that agreement. Going back to the original agreement, there is absolutely nothing in the party settlement agreement, which is embodied in the transcript of a March 3, 2000 hearing, that suggests that there is an exclusion in that transcript that even deals with jurisdiction is the right of my clients to come back into court to enforce the confidentiality provision if they should so choose. There is no right whatsoever for the appellees to enforce any forum rights whatsoever. So to the extent the district court said parties agreed, the consent order effectuated that agreement, there never was an agreement. Now, as we've said – The draft circulated between the parties appeared to have the same term going both ways. The drafts confirmed that there was no agreement because that agreement was never executed. It was particularly because the parties kept changing position and we would submit the appellees kept changing position. Any change on that issue? As best I could tell, that term stands the same place. I'm not aware of any change on that issue, however – They couldn't come to a meeting of the minds, but is there any reason to think the meeting of the minds they didn't come to had to do with the exclusive jurisdiction of the superior court of Maricopa County? The fact that no definitive settlement agreement containing that term was ever entered into. Okay. We'll still give you a minute for rebuttal. Appreciate it. Thank you. We'll hear from the appellee. Good morning, Your Honors. Daniel Maynard on behalf of the appellee. As the court is aware, we originally filed a motion arguing that this court does not have jurisdiction under 28 U.S.C. 1447D and we renew that motion. I think the language is abundantly clear in the Supreme Court decisions that have come out in 2006 in Kirshner, which stated that no matter how plain the legal error in ordering the removal or sending it back to the state court may be, this court doesn't have jurisdiction to review that. And in the case of Osborne decided by the U.S. Supreme Court in 2007, the court looked at an unusual situation that talked about whether or not there was a conflict between two federal statutes providing jurisdiction. And in that case, the majority decided that there was going to be But it, again, reiterated the language in Kirshner that this court just doesn't have jurisdiction when the district court sends it back because of lack of subject matter jurisdiction. Does lack of subject matter jurisdiction necessarily mean the same thing as the statute says when the judge, in effect, is determining whether the agreement of the parties precludes the removal of the case from the court where the settlement agreement was reached? I mean, do you really want to spend your time arguing this point when you might do just as well to argue that they should be bound by what they agreed to? I'm going to move on to that, Your Honor. But I do think that the language says the statute is clear. I don't know of any other statutes that we have that are any clearer than this. I mean, I, you know, I interpreted it according to the Third Circuit, but the Third Circuit interpretation. Here I interpreted it, of course, according to the Ninth Circuit. But the interpretation does not vary a great deal between the circuits. And there are certain determinations that a court can make on a decision to remand where the court might talk about jurisdiction, but the court is not meaning jurisdiction in the sense that the statute defines jurisdiction. I understand, Your Honor, and I don't mean to argue with the court other than to say that the language is just abundantly clear when you look at 1447C and 1447D. And for this court to look at why a district court, the underlying reason why the district court returns a case to state court, once the district court has said, I did it for lack of subject matter jurisdiction, means that the court has to review it. And that's what 1447D says you can't do. So you can't do what you have to do to remove it. We've also said, and we've said in Redham, that we're not bound by the district court's characterization. I mean, the district court may have called it jurisdiction, but jurisdiction is a word that is widely misused. And so isn't, don't we have to look at it just to figure out, well, is this really jurisdiction or is it something else? That's the problem, Your Honor. Congress knows how to write stat, well, maybe it knows how to write stat. Go on there. I have had occasion to ask members of Congress what they meant, but I have never gotten a very helpful answer. All I can tell the court is that this, the idea of the non-reviewability of sending back a case to state court has been around for over 100 years. Admittedly, there have been some courts, including this one, that have seemed to have made a few exceptions. One of the exceptions is not what we have here. Even if this court had jurisdiction to review this, this party agreed to continuing jurisdiction of the state court. And that's what's important. This is not a form selection clause case. This is not one where we're looking at the parties that have entered into a contract. What happens is that there was litigation that started back in 1996 that eventually resolves in a settlement between the parties. However, unfortunately, when the parties reached their settlement on the eve of trial and put the structure of the settlement on the record, they were then given the opportunity to sit down and come to a conclusion as to all of the fine points, which they were not able to do over the course of a year. The trial court then decided, the state court decided, I need to get rid of this case and I'm going to enter an order. But he made the parties, or I don't know that he made the parties, but the parties agreed to it. And one of the provisions of that order dismissing the case was that that court kept continuing jurisdiction. With continuing jurisdiction, they couldn't have moved under 1441 to have transferred this case to district court, which is what they did when we filed the new action. When I filed the new action, there were four counts. Two of them did not deal with that settlement agreement. Ultimately, what the district court does is the two counts that dealt with the settlement agreement, she sends back to state court. There was a question asked earlier, is it important that the state court keep this because of familiarity with the case? Absolutely. One of the counts is a declaratory judgment as to what was meant in the settlement agreement. Who better to do it than the state court who is keeping jurisdiction? The other provision was whether or not there had been a breach of that settlement agreement. The defendant in this case, the appellate in this case, agreed to that continuing jurisdiction of the state court. They can't have it both ways. The policy is to let, there's judicial efficiency in letting the court who enters the order, who heard the settlement between the parties, determine what the parties meant when they settled the case. There's some inefficiency in having a lawsuit now in two different places. At some point, I have to step back and sort of pose the question, do you really want what you've gotten, which is a lawsuit in state court and a lawsuit in federal court? If I had it to do over again, I wouldn't do it the same way. I would have brought the action just in state court and would have eliminated counts two and three, which are now pending in federal court. What I did want was a declaratory judgment as to what was to be settled and determined, the rights between the parties in that settlement agreement that was done back in 2000. And we believe that that agreement has been violated. And so, yes, I added two additional counts. At this point, I wished I hadn't. It seemed like a good idea at the time. It sure did. And it's not now. You know, two years, the district court sent this case back to state court two years ago when Congress, in whatever wisdom it has, decided that appellate courts weren't supposed to review those decisions. One of the fundamental reasons was because we want to move things along. This case is a classic example of why this court should not have jurisdiction. We've been waiting to see which court we're going to be in now for over two years. Your Honors, I'm happy to answer any questions you have. But the Flanagan case by the Ninth Circuit, if this court has jurisdiction, is the one that controls. And this district court judge, Judge Silver, did not abuse her discretion. She did exactly what she was supposed to do, and she applied the law to the facts and sent the counts one and four back. And that's where they should be. Thank you. A minute for rebuttal? Thank you. I'd like to quickly address the form selection agreement concept. A very cogent decision out of the Eleventh Circuit, Snapper, Inc. v. Redan, 171F3-1249, noted that every circuit to have considered the issue has concluded that appellate review is permissible when the remand is based on a form selection clause, because that is not a ground stated in Section 1447C. And I would also note that, as Judge Roth may recall from the Third Circuit, that in the post-PowerX decision of Kowatch v. Symtec, Inc., the site is 253 Federal Appendix 231, issued by the Third Circuit in November 2007. So it's after PowerX, the Third Circuit applied pre-PowerX decisions to hold that a remand based on the interpretation of a form selection clause is not immune from review under 1447D. So it's pretty clear that irrespective of PowerX, this ruling is subject to appeal and not subject to the appellate bar of 1447D. With regard to Your Honor's point about inefficiency, as I think Your Honor hinted at in your questioning, there really is more inefficiency here by remanding. That would cause a situation of parallel proceedings on essentially the same allegations. The breach of contract claim is for breach of a non-disparagement provision, where the same allegations underpin the defamation claim that's currently pending in federal court. I would also add that the state court judge that originally heard this case is no longer on that docket, and therefore, there is no practical efficiency to the Arizona State a different judge of the Arizona State Court hearing this matter versus Judge Silver, who has been presiding over this case for two years. In terms of whether there was an agreement here, as we cited in our brief It's probably not a good time to start a new topic. So we'll Okay. Could I just address the Flanagan case for a minute? Because counsel threw that in at the end. I just want to point out how that's completely inapposite. Flanagan did not involve an agreement between the parties. First of all, it involved a court order under the federal court's power under the Anti-Injunction Act 28 U.S.C. 2283. So what you had there was a federal court retaining jurisdiction against state court. There was no agreement, and there was no issue of constitutionality and supremacy clause issues that you have in a state court purporting to preclude a party from removing. And we've cited authorities, including several Supreme Court cases, saying that state law cannot in any way limit federal jurisdiction. Thank you. Thank you. And I wish you a good trip back to the Third Circuit. Thank you very much. Thank both counsel for the argument. The case just argued is submitted. The next case on the calendar, Burns v. Kramer. Submission's been deferred pending decision in a different case. So we'll move to
judges: Brunetti, Clifton, Roth